**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4011

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCHAS DONELL OUTEN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Mary G. Lewis, District Judge.  (3:22-cr-00948-MGL-1)

Submitted:  May 30, 2025                                    Decided:  June 16, 2025

Before NIEMEYER, WYNN, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Adair F. Boroughs, United States Attorney, Andrea G. Hoffman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marchas Donell Outen appeals the district court's judgment after conditionally pleading guilty to possessing a firearm and ammunition subsequent to a felony conviction, in violation of 18 U.S.C. § 922(g)(1), preserving his right to appeal the denial of his motion to suppress under Fed. R. Crim. P. 11(a)(2). On appeal, Outen argues that the district court erred in denying his motion to suppress evidence seized in a traffic stop, because his vehicle was not operating in violation of South Carolina law; the law is not ambiguous; and the officer conducting the stop committed an unreasonable mistake of law. We affirm.

"When, as here, a district court denies a motion to suppress, we review the court's 'legal conclusions de novo and its factual findings for clear error, considering the evidence in the light most favorable to the government.'" *United States v. Turner*, 122 F.4th 511, 516 (4th Cir. 2024), *cert. denied*, __ S. Ct. __, 2025 WL 951206 (U.S. Mar. 31, 2025) (No. 24-6715). "A traffic stop for a suspected violation of law is a 'seizure' of the occupants of the vehicle and therefore must be conducted in accordance with the Fourth Amendment." *Heien v. North Carolina*, 574 U.S. 54, 60 (2014). "[T]o justify this type of seizure, officers need only 'reasonable suspicion'—that is, 'a particularized and objective basis for suspecting the particular person stopped' of breaking the law." *Id.*

"As the text makes clear, the ultimate touchstone of the Fourth Amendment is reasonableness." *Riley v. California*, 573 U.S. 373, 381 (2014) (internal quotation marks omitted). Accordingly, the Supreme Court has held that an officer's mistake of law can "give rise to the reasonable suspicion necessary to uphold the seizure under the Fourth Amendment," if the mistake was reasonable. *Heien*, 574 U.S. at 57, 68. "Under *Heien*, an

2

officer's mistake of law may be reasonable if the law is ambiguous, such that reasonable minds could differ on the interpretation, or if it has never been previously construed by the relevant courts." *United States v. Coleman*, 18 F.4th 131, 140 n.4 (4th Cir. 2021).

We have reviewed the record and the parties' arguments on appeal, and we conclude that the district court did not err in denying Outen's motion to suppress evidence seized in the traffic stop. The arresting officer stopped Outen's vehicle because his passenger-side headlight was out, and it was after dark. According to the officer's understanding of South Carolina law, two headlights are required any time from 30 minutes after sunset to 30 minutes before sunrise; visibility has to extend at least 500 feet in front of the vehicle using both headlights; and any part on the vehicle must be fully functioning or operational.

In the district court, Outen argued that state law does not require both headlights to be fully functioning but only requires the collective distribution of light or composite beam to be of sufficient intensity for driver visibility. The Government contended that state law requires two working headlights; and even if not strictly required, the officer reasonably believed that Outen's vehicle posed a safety risk to others in violation of the law.

The district court found that several state statutes were relevant to whether Outen's vehicle was operating in violation of the law; and while the question had not been decided by the relevant courts, the limited caselaw construing the relevant statutes appeared to support the Government's interpretation of the statutory scheme. The court further held that the statutory scheme was ambiguous; and the arresting officer's interpretation of the law was reasonable. Thus, the court ruled that even if the officer's understanding of the

3

law was mistaken, the mistake was reasonable; and he had probable cause for the stop.  We find no error in this ruling.  *See Heien*, 574 U.S. at 67-68; *Coleman*, 18 F.4th at 140 n.4.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*